IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN A. MARGETIS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-958-L** |
| | § | |
| **OFFICER D. RAY, CITY OF GREENVILLE, CHRISTY HIDER, PRESBYTERIAN HOSPITAL OF GREENVILLE (Hunt Memorial Hospital District Charitable Health Foundation d/b/a Citizens Home Health), and PRESBYTERIAN HOSPITAL OF GREENVILLE (Texas Health Resources d/b/a Presbyterian Hospital of Greenville),** | § § § § § § § § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Texas Health Resources' Dispositive Rule 12 Motion to Dismiss, filed July 23, 2008; and Defendants Christy Hider and Hunt Memorial Hospital District d/b/a Presbyterian Hospital of Greenville's Motion to Dismiss Pursuant to FRCP 12(b)(4) and 12(b)(6), filed July 31, 2008.[1] Plaintiff John A. Margetis ("Plaintiff" or "Margetis") did not file a response to either motion. After careful consideration of the motions, briefs, record, and applicable authority, the court **denies without prejudice** Defendant Texas Health Resources' Dispositive Rule 12 Motion to Dismiss; **denies without prejudice** Defendant Christy Hider's Motion to Dismiss with

---

[1]Texas Health Resources and Hunt Memorial Hospital District both contend that they are sued in the wrong name. The court addresses this issue later in the opinion.

**Memorandum Opinion and Order - Page 1**

respect to the federal claims, and **denies** the motion with respect to the state law claim of assault; **denies without prejudice** Hunt Memorial Hospital District d/b/a Presbyterian Hospital of Greenville's Motion to Dismiss pursuant to FRCP 12(b)(4) and 12(b)(6); and **orders** Plaintiff to serve Defendant Hunt Memorial Hospital District by **March 27, 2009.**

## I. Background

Margetis filed this action *pro se* on June 6, 2008, against several Defendants. Defendants, as named by Plaintiff, include: Officer D. Ray; City of Greenville; Christy Hider; Presbyterian Hospital of Greenville (Hunt Memorial Hospital Charitable Health Foundation d/b/a Citizens Home Health); and Presbyterian Hospital of Greenville (Texas Health Resources d/b/a Presbyterian Hospital of Greenville) (collectively, "Defendants"). This action results from the detention or arrest of Margetis by Ray on June 9, 2006, and his subsequent hospitalization on the same day. Margetis asserts claims pursuant to 42 U.S.C. §§ 1983 and 1985 and state law, and contends that Defendants violated his rights to be free from an unreasonable search and seizure and from the use of excessive force. With respect to the alleged involvement of each Defendant, Plaintiff contends that Ray used excessive and unreasonable force in seizing him and that Ray conspired with Hider and other Greenville police officers to assault him. In this regard, he further contends that employees of Presbyterian Hospital of Greenville and other Greenville police officers were aware of Ray and Hider's intent to assault him and took no action to prevent the assault. Finally, Plaintiff contends that the City of Greenville and Presbyterian Hospital of Greenville did not adequately train and supervise Ray and Hider, respectively.[2]

---

[2] The court cannot determine from Plaintiff's Complaint which corporate entity employs Hider because Plaintiff refers to two entities as Presbyterian Hospital of Greenville.

Texas Health Resources asserts that it was incorrectly named as "Presbyterian Hospital of Greenville (Texas Resources d/b/a Presbyterian Hospital of Greenville)." Plaintiff does not contest that he incorrectly named this Defendant. The court therefore determines that the correct name of Defendant is **Texas Health Resources** and **directs** the clerk of court to amend the docket sheet to reflect the correct name of this Defendant. Texas Health Resources (hereinafter "THR") has moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Hunt Memorial Hospital District d/b/a Presbyterian Hospital of Greenville asserts that it was incorrectly named as "Presbyterian Hospital of Greenville (Hunt Memorial District Charitable Health Foundation d/b/a Citizens Home Health)." Plaintiff does not contest that he incorrectly named this Defendant. The court determines that the correct name of Defendant is **Hunt Memorial Hospital District** (hereinafter "HMHD") and **directs** the clerk of the court to amend the docket sheet to reflect this Defendant's correct name. HMHD and Hider have filed a motion to dismiss for insufficient service of process pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standards

### A. Rule 12(b)(1) - Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§

1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, commonly referred to as "arising under" jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by plaintiffs pleading a cause of action created by federal law (such as claims brought pursuant to 42 U.S.C. § 1983, or by defendants removing to federal court because the plaintiff's claim arises under federal law.)

Diversity is proper only if each plaintiff has a different citizenship from each defendant and the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706

F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).

Once subject matter jurisdiction is challenged, the party invoking the court's jurisdiction has the burden of proof to establish that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 530 U.S. 960 (2002).

### B.     Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to

relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### C. Rule 12(b)(4) - Insufficient Process

A summons must include, among other things, the names of the parties and be directed to the defendant being sued. Fed. R. Civ. P. 4(a)(1)(A), (B). "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 1353 (3d ed. 2004). Process may be insufficient if the summons and complaint refer to a party in the wrong name. *Id.*

### III. THR's Motion to Dismiss

#### A. Rule 12(b)(1) - Subject Matter Jurisdiction

The court is unable to determine that Plaintiff's claims against THR arise under federal law, or that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. Nothing in Plaintiff's Original Complaint ("Complaint") appears to set forth a jurisdictional basis for this court's jurisdiction over THR. The court will allow Plaintiff a chance to amend, and if he seeks to assert a federal claim against THR, he must set forth the jurisdictional bases for such claims pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. If he seeks to assert a state claim, he must also set forth the jurisdictional basis for such claim.

#### B. Rule 12(b)(6) - Failure to State a Claim

Plaintiff's Complaint against THR does not set forth sufficient allegations against it. He does not set forth any allegations that THR deprived him of a right secured by the United States Constitution or laws of the United States, that it acted under color of state law, or that THR conspired with a state actor to deprive him of some federally protected right. Plaintiff does allege *respondeat superior*; however, *respondeat superior* would apply only to the state law claim of assault. Moreover, with respect to Hider, it is unclear from the Complaint whether Plaintiff contends

that she is an employee of THR, HMHD, or both. Plaintiff has failed to state a claim upon which relief can be granted. Because Plaintiff is *pro se*,[3] and courts should generally allow a litigant an opportunity to correct deficiencies, the court will allow him a chance to amend his pleadings to state a claim against THR. If Plaintiff desires to amend, he must set forth any claim he seeks to assert against THR in accordance with the standard set forth in section II (B) of this opinion and Rule 8(a) of the Federal Rules of Civil Procedure.

## IV.    Hider and HMHD's Motion to Dismiss

### A.    Rule 12(b)(4)

The court has already determined that HMHD is the correct name of the party that Plaintiff intended to sue; however, the Complaint incorrectly lists the name of HMHD as "Presbyterian Hospital of Greenville (Hunt Memorial Hospital Charitable Health Foundation d/b/a Citizens Home Health)." To further complicate matters, the docket sheet does not reflect that a summons was *ever* issued to HMHD in its correct name, or in the name in which it was incorrectly sued. Docket Entry No. 3 reflects that a summons was issued only to Ray, Hider and Presbyterian Hospital of Greenville Texas (Texas Health Resources d/b/a Presbyterian Hospital of Greenville). Since no summons has been issued to HMHD in compliance with Rule 4(a)(1)(A),(B), process is therefore insufficient. The court therefore quashes any purported service on HMHD and directs Plaintiff to effect service on HMHD in its correct name.

---

[3] Pleadings of *pro se* plaintiffs are to be liberally construed and not to be held to the same standards as those drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 510 (1972); however, Plaintiff is not exempt from the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and the standard set forth in section II(B) of this opinion.

## B. Rule 12(b)(6)

### 1. HMHD

As the court quashes the purported service on HMHD, it will deny HMHD's 12(b)(6) motion. HMHD's strategy in filing a 12(b)(4) motion effectively precludes the court from ruling on the merits of such motion. Since process was insufficient with respect to HMHD, HMHD is technically not before the court as a party; under these circumstances, the better approach is to deny the 12(b)(6) motion without prejudice. Moreover, when Plaintiff repleads, he is on notice that he must do so with more specificity.

HMHD was created in 1981, and was formerly known as Greenville Hospital District. Tex. H.B. 2127, 67th Leg., R.S. (1981). It is a governmental entity, and to satisfy pleading requirements for a section 1983 claim, Plaintiff must plead facts sufficient to show, or from which one can reasonably infer, that he suffered a constitutional deprivation of rights as a result of a policy or custom of HMHD. In a case alleging lack of training or supervision, Plaintiff must allege facts from which one could reasonably infer that the alleged inadequacy reflects a deliberate indifference or conscious disregard to the constitutional rights of citizens by HMHD's policymakers.

### 2. Hider

With respect to the federal claims against Hider, the court determines that the allegations are deficient. If Plaintiff intends to pursue claims against Hider, he must allege facts showing her relationship with HMHD and that she acted under color of state law. Further, in this regard, Plaintiff must set forth his conspiracy and excessive force claims against Hider with more specificity to put her on notice as to the conduct that allegedly violated his federally secured rights. As it now stands, the federal claims against Hider are pleaded in a vague and conclusory manner.

With respect to the state law claim against Hider, Plaintiff has alleged that Hider, a registered nurse, and Ray "assaulted" him by "using water filled bags, that he was left in the treatment room and when the assault was finished, was left semi-conscious and frothing at the mouth." Plaintiff's Compl. ¶ 12. From these allegations, one could reasonably infer that Ray and Hider allegedly made contact with Plaintiff using bags filled with water, that Plaintiff did not consent to the contact, and that Plaintiff considered the contact to be offensive. Accordingly, the court believes that Plaintiff has set forth enough allegations to state an assault claim under Texas law against Hider and Ray. Discovery can be used to develop Plaintiff's assault allegations.

## V.     Conclusion

For the reasons herein stated, the court **denies without prejudice** Defendant Texas Health Resources' Dispositive Rule 12 Motion to Dismiss; **denies without prejudice** Defendant Christy Hider's Motion to Dismiss with respect to the federal claims, and **denies** the motion with respect to the state law claim of assault; **denies without prejudice** Hunt Memorial Hospital District d/b/a Presbyterian Hospital of Greenville's Motion to Dismiss pursuant to FRCP 12(b)(4) and 12(b)(6); and **orders** Plaintiff John A. Margetis to serve Defendant Hunt Memorial Hospital District with the summons and his amended pleading by **March 27, 2009.** He shall also replead his case in accordance with the court's instructions as herein set forth. *Failure of Plaintiff Margetis to comply with the court's order will result in dismissal of this action, some of his claims, or some of the Defendants pursuant to Rule 12(b)(6) or Rule 41(b) of the Federal Rules of Civil Procedure.*

**It is so ordered** this 25th day of February, 2009.

                                                    Sam A. Lindsay  
                                                    United States District Judge