IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN A. MARGETIS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-958-L** |
| | § | |
| **OFFICER D. RAY, CITY OF GREENVILLE, and CHRISTY HIDER**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On July 21, 2009, Defendants Christy Hider, Officer D. Ray, and City of Greenville filed their Joint Status Report ("Report") pursuant to the Court's Order Requiring Attorney Conference and Status Report ("Status Report Order"), which was filed June 19, 2009. Plaintiff John A. Margetis ("Plaintiff" or "Margetis") did not join in Defendants' Report or submit a separate report. The Status Report Order required Plaintiff to participate in a conference regarding various matters for preparation and submission of the Report to the court. *Id.* at 3. Despite repeated requests by Defendants for his input regarding the Report, Margetis did not respond. Report 3, 4. The Status Report Order also directed Plaintiff to sign the Report. *Id.* at 2, 3. Plaintiff did not sign the Report.

The court believes that dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has failed to comply with the court's order of June 19, 2009. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or failure to follow an order of the court. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *See Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626

(1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (citation in footnote omitted).

The Fifth Circuit has set forth a number of lesser sanctions that a court is to consider before it dismisses with prejudice: "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982)). In this case, the court warned the parties that failure to timely submit the Report could result in dismissal of the case without further notice. Status Report Order 3. The, court, however, is unable to conclude that the delay caused by Plaintiff is purposeful or that his conduct is contumacious.

The court does not know the basis for Plaintiff's failure to confer and sign the Report, although the record also reflects that he failed to serve a now-dismissed party and replead as ordered by the court. Court's Order 2, filed June 19, 2009. Finding no record of *purposeful* delay or contumacious conduct, the court determines that dismissal without prejudice of all claims in this action is the appropriate sanction for the Plaintiff's failure to comply with the court's order of June 19, 2009. Accordingly this action is hereby **dismissed without prejudice.** The parties shall bear their own costs.

**It is so ordered** this 28th day of July, 2009.

                                           Sam A. Lindsay
                                           United States District Judge

**Memorandum Opinion and Order - Page 3**